MENTAL HYGIENE LAW § 19.01(a); SOCIAL SERVICES LAW §§ 413, 422,424-a; 14 NYCRR §§ 395, et seq.; 14 NYCRR §§ 1015, et seq.;42 C.F.R. § 2.3(a); 42 C.F.R. § 2.12(a)(6); L 1985, Chs 676,677; L 1980, Ch 843; L 1979, Ch 81; L 1973, Ch 1039.
Credentialed and noncredentialed substance abuse and addiction counselorsare mental health professionals required to report suspected incidents ofchild abuse and neglect pursuant to section 413 of the SocialServices Law.
Requestor: Hon. Arthur Y. Webb, Director New York State Division of Substance Abuse Services Executive Park South Albany, New York 12203-8200
Written by: Robert Abrams, Attorney General
Your acting general counsel has requested our opinion as to whether credentialed and noncredentialed substance abuse and addiction counselors are required to report suspected incidents of child abuse and neglect pursuant to Social Services Law § 413.
By way of background, we note that in 1973 a State-wide central registry of child abuse and maltreatment was established. Social Services Law § 422; L 1973, ch 1039. The registry is a repository of reports of child abuse and neglect throughout New York State. Social Services Law § 422(2). The information is considered confidential and is available only to certain enumerated "authorized agencies" for law enforcement, child welfare and other public purposes. Social Services Law §§ 422(4), 424-a. In general, any person who has reasonable cause to suspect that a child has been abused or maltreated may report such abuse or neglect to the central registry. Id., § 414.
In addition, the Social Services Law creates a class of mandated reporters: i.e., persons who are required to report to the central registry incidents of child abuse and neglect that they learn of in the course of their employment. Id., § 413.
Under section 413, mandated reporters are required to file a report with the central State registry if they have reasonable cause to believe that a child with whom they have dealt in a professional capacity has been abused or neglected. Id., § 413(1). Furthermore, the mandated reporter must also report incidents of abuse and neglect which he or she learns from the parent, guardian or other person legally responsible for the allegedly abused or neglected child. Id., § 413(1).
As originally enacted, section 413 defined mandated reporters to include physicians; surgeons; medical examiners; coroners; dentists; registered nurses; hospital personnel engaged in the admission, examination, care and treatment of persons; day care personnel; school officials; and "mental health professional[s]". Ibid. Since that time, the list of mandated reporters has been expanded to include psychologists (L 1979, ch 81); police officers (L 1980, ch 843); residential care facility volunteers (L 1985, ch 676); and district attorneys, assistant district attorneys, investigators employed in the office of district attorney and other law enforcement officials (L 1985, ch 677).
Federal regulations impose restrictions on the disclosure of alcohol and drug abuse patient records in connection with any Federally-assisted alcohol and drug abuse program. 14 NYCRR §§ 1015.5(a)(3)(vii);42 C.F.R. § 2.3(a). The secrecy requirements, however, do not apply to the reporting of incidents of suspected child abuse and neglect under State law:
 "The restrictions on disclosure and use in these regulations do not apply to the reporting under State law of incidents of suspected child abuse and neglect to the appropriate State or local authorities." 42 C.F.R. § 2.12(a)(6).
It follows that if persons providing substance abuse and addiction counseling fall within the meaning of "mental health professional" for purposes of section 413, they are required by State law to report incidents of child abuse and neglect, a requirement which is consistent with Federal law.[1]
The Mental Hygiene Regulations promulgated by the Division of Substance Abuse Services define two types of counselors:
 "(a) Substance abuse and addiction counselor shall mean an individual who provides substance abuse treatment services directly to the client, including counseling, assessment and referral services.
. . .
 "(d) Credentialed substance abuse and addiction counselor shall mean a substance abuse counselor who has been issued a credential in accord with the requirements of this Part." 14 NYCRR § 1015.2.
Your acting general counsel has informed us that the counseling services provided by the credentialed and noncredentialed counselors are essentially the same. Credentialed counselors, however, must meet certain training, education and testing requirements. 14 NYCRR § 1015.5.
In a 1989 opinion, we concluded that credentialed alcoholism counselors are mental health professionals within the meaning of section 413 and thus are required to report incidents of suspected child abuse and neglect. 1989 Op Atty Gen 21.[1] Our conclusion was essentially based on two factors. First, we relied on a provision of the Mental Hygiene Law which characterizes alcoholism as a mental health problem to conclude that credentialed alcoholism counselors are in the mental health field. Mental Hygiene Law § 19.01(a). See, 14 NYCRR §§ 395 etseq. Second, these regulations describe the counseling of persons suffering from alcoholism as a professional activity. 17 NYCRR § 395.5.[2]
As in the case of alcoholism and alcoholism counselors, we find it significant that the Mental Hygiene Law defines substance abuse as a mental health problem. Mental Hygiene Law § 19.01(a).[3]
This provision makes it clear that persons counseling substance abusers are providing services in the mental health field.
The Division of Substance Abuse Services' regulations set forth the various methods for treating substance abusers. Part 1015 of the regulations describes in detail the necessary skills which a substance abuse and addiction counselor must possess in order to be eligible for credentialing. These skills include various techniques for counseling individuals, groups and families; crises intervention; development of self-help principles in the substance abuser; as well as case management techniques. 14 NYCRR § 1015.5(a)(3). You have informed us that both credentialed and noncredentialed counselors must possess and use these specialized skills and techniques in the course of counseling substance abusers.
The term "mental health professional" is not specifically defined in the Social Services Law. We believe, however, that the term is broad enough to encompass credentialed and noncredentialed substance abuse and addiction counselors who exercise these specialized techniques in the course of treating substance abusers. Section 413 lists psychologists and psychiatrists (included under physicians) as mandated reporters separate and apart from mental health professionals. This is some indication that the term "mental health professional", if it is to have any significance, was intended to encompass persons providing counseling services in the mental health field beyond psychiatrists and psychologists. Further, a review of section 413 indicates an intent to broadly include persons whose jobs place them in a position to detect incidents of child abuse.
We conclude that credentialed and noncredentialed substance abuse and addiction counselors are mental health professionals required to report suspected incidents of child abuse and neglect pursuant to section 413 of the Social Services Law.
[1] In this opinion, we have not been asked and do not address whether substance abuse counselors are mental health professionals for purposes other than Social Services Law § 413.
[1] We were not asked to opine on whether noncredentialed alcholism counselors were mental health professionals under section 413.
[2] The 1989 opinion also relied on the legislative history of section 413. In 1988, the Department of Social Services proposed legislation to amend section 413 by adding the phrase "including, but not limited to an alcoholism or substance abuse counselor" after the term "mental health professional." Assembly Bill No. 10835. The memorandum submitted in support of this amendment noted that the addition was proposed to make it clear "that the current reference to mental health professionals includes alcoholism and substance abuse counselors." Memorandum in Support of Department of Social Services Legislative Proposal No. 24B(R)-88, February 26, 1988. The version of the bill which was enacted into law, however, did not include this language. Significantly, the proposed 1988 amendment was merely intended to clarify the fact that alcoholism or substance abuse counselors were included among mental health professionals. Thus, we concluded that the proposed amendment and the version of the amendment which was enacted into law were no indication that the counselors were not considered mental health professionals.
[3] This provision provides, in relevant part, as follows:
"(a) The Legislature finds and determines as follows: "Alcoholism, alcohol abuse and the abuse of substances, which lead to physical or psychological dependence or both, are major health and mental health problems."